JS 44 (Rev 06/17) RK 2:18-4953

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)

## I. (a) PLAINTIFFS

DARRELL PRESLEY, *individually and on behalf of all others similarly situated*

(b) County of Residence of First Listed Plaintiff PHILADELPHIA
*(EXCEPT IN U S PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C ,
1500 Walnut St., Ste.900, Philadelphia, PA 19102
215-351-0200

**DEFENDANTS** 18 4953

LAW OFFICES OF ROBERT A. SCHUERGER CO., LPA

County of Residence of First Listed Defendant
*(IN U S PLAINTIFF CASES ONLY)*

NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U S Government Plaintiff
- ☑ 3 Federal Question *(U S Government Not a Party)*
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U S Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☑ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer w/Disabilities - Employment
- ☐ 446 Amer w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)* 15 U.S.C.§1692k et seq.

Brief description of cause inaccurate credit reporting dispute

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)* JUDGE DOCKET NUMBER

NOV 15 2018

DATE 11/15/18 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG JUDGE

18 4953

RK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1400 S RINGGOLD ST., PHILA., PA 19146

Address of Defendant: 81 S. FIFTH ST., SUITE 400, COLUMBUS OH 43215

Place of Accident, Incident or Transaction: 1400 S RINGGOLD ST., PHILA., PA 19146

***RELATED CASE, IF ANY:***

Case Number: n/a Judge: Date Terminated:

Civil cases are deemed related when ***Yes*** is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/15/2018 [signature] *Attorney-at-Law / Pro Se Plaintiff* 61907 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify)* FDCPA

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify)*

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ROBERT COCCO, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☑ Relief other than monetary damages is sought.

NOV 15 2018

DATE: 11/15/2018 [signature] *Attorney-at-Law / Pro Se Plaintiff* 61907 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RK

CASE MANAGEMENT TRACK DESIGNATION FORM

18 4953

DARRELL PRESLEY, *individually and on behalf of all others similarly situated similarly situated* : CIVIL ACTION

v. :

: NO.

LAW OFFICES OF ROBERT A. SCHUERGER CO., LPA

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( X )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( )

11/15/18
(Date)

[signature]
Attorney-at-law

ROBERT P. COCCO, ESQ.
Attorney for Plaintiff

NOV 15 2018





UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRELL PRESLEY, on behalf of himself and all others similarly situated,

Plaintiff(s),

-against-

LAW OFFICES OF ROBERT A. SCHUERGER CO., LPA and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: 18 4953

**CIVIL ACTION**

**COMPLAINT -- CLASS ACTION AND DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, LAW OFFICES OF ROBERT A. SCHUERGER CO., LPA ("SCHUERGER LAW OFFICES") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## III. PARTIES

4. Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. SCHUERGER LAW OFFICES is law firm with an office at 81 S. Fifth Street, Suite 400, Columbus, Ohio 43215.

6. SCHUERGER LAW OFFICES uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

7. SCHUERGER LAW OFFICES uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. SCHUERGER LAW OFFICES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. At some time prior to October 22, 2018, Plaintiff allegedly incurred a financial obligation to ARCADIA UNIVERSITY ("ARCADIA").

16. The ARCADIA obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the ARCADIA obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. The ARCADIA obligation did not arise out of a transaction that was for non-personal use.

19. The ARCADIA obligation did not arise out of a transaction that was for business use.

20. The ARCADIA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. ARCADIA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22. On or about October 22, 2018, the ARCADIA obligation was referred to SCHUERGER LAW OFFICES for the purpose of collection.

23. At the time the ARCADIA obligation was referred to SCHUERGER LAW OFFICES the ARCADIA obligation was past due.

24. At the time the ARCADIA obligation was referred to SCHUERGER LAW OFFICES the ARCADIA obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

25. Defendants caused to be delivered to Plaintiff a letter dated October 22, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

26. The October 22, 2018 letter was sent to Plaintiff in connection with the collection of the ARCADIA obligation.

27. The October 22, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. The October 22, 2018 letter is the initial written communication sent from Defendant to the Plaintiff.

29. The October 22, 2018 letter was sent or caused to be sent by persons employed by SCHUERGER LAW OFFICES as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. As part of Defendant's customary and usual practice, the October 22, 2018 letter was mailed in a window envelope which allowed certain information from the letter to appear through the window which could be read.

31. The following information from the October 22, 2018 letter appeared through the window of the envelope (the reference number has been redacted) :

32. Upon receipt, Plaintiff opened the envelope and read the October 22, 2018 letter.

33. The October 22, 2018 letter contained the following:

Ref. No. XXX656
Balance: $3500.00
Amount Enclosed:____________

(the reference number has been redacted)

34. The October 22, 2018 letter also contained the following:

Re: ARCADIA UNIVERSITY
Ref. No. XXX656
Balance: $3500.00

(the reference number has been redacted)

35. The October 22, 2018 letter revealed Plaintiff's unique reference number (XXX656) through the window of the envelope (the reference number has been redacted).

36. The reference number constitutes personal identifying information.

37. The reference number is a piece of information that can be used to identify the Plaintiff.

38. The reference number is not meaningless. It is a piece of information capable of identifying Plaintiff as a debtor. Its disclosure has the potential to cause harm to Plaintiff that the FDCPA was enacted to address. See *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (3rd Cir. 2014).

39. The October 22, 2018 letter is written on Defendant's letterhead, indicating that the letter is from a law firm:

Law Offices of Robert A. Schuerger Co., LPA
81 S. Fifth Street, Suite 400
Columbus, OH 43215-4323
Telephone (614) 732-0721/Toll Free (855) 875-6314
Facsimile (614) 824-1120
Office Hours 8AM to 5PM EST Monday through Friday

40. The October 22, 2018 letter appears to be signed by an attorney with SCHUERGER LAW OFFICES, identified as Robert A. Schuerger, II.

41. No attorney employed by SCHUERGER LAW OFFICES was licensed to practice law in Pennsylvania as of October 22, 2018.

42. No attorney employed by SCHUERGER LAW OFFICES, who was licensed to practice law in Pennsylvania as of October 22, 2018, reviewed the Plaintiff's ARCADIA account or any supporting documentation prior to the October 22, 2018 letter being sent to Plaintiff.

43. The October 22, 2018 letter implies that Defendant was acting in any legal capacity when sending the letter.

44. The October 22, 2018 letter gives the impression to Plaintiff that he could be subject to potential legal action.

45. The October 22, 2018 letter implies that a lawyer directly controlled or supervised the process which caused the letter to be sent.

46. The October 22, 2018 letter implies that a lawyer was the drafter of the letter.

47. The October 22, 2018 letter does not state that the Defendant was solely acting as a debt collector and not as an attorney.

48. SCHUERGER LAW OFFICES knew or should have known that its actions violated the FDCPA.

49. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## V. POLICIES AND PRACTICES COMPLAINED OF

50. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c) Making a false representation or implication that an attorney is meaningfully involved;

(d) Using a false representation or deceptive means in connection with the collection of a debt;

   (e) Using language and/or symbols on or appearing through envelopes mailed to consumers that reveal information other than the debt collector's address; and

   (f) Using unfair or unconscionable means to collect or attempt to collect any debt.

51. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of Pennsylvania within one year of this Complaint.

## VI. CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

53. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from SCHUERGER LAW OFFICES, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

54. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

55. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

56. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

57. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq. VIOLATIONS**

58. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

60. Defendants' attempt to collect the alleged debts from Plaintiffs and others similarly situated violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(3); § 1692e(5); § 1692e(10); § 1692f and § 1692f(8).

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiffs and others similarly situated.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiffs and others similarly situated.

63. Section 1692e(3) of the FDCPA prohibits a debt collector from falsely representing or implying that any communication is from an attorney.

64. Defendant violated 15 U.S.C. § 1692e and §1692e(3) of the FDCPA by falsely representing meaningful attorney involvement in its collection letters to Plaintiff and others similarly situated.

65. Defendant violated 15 U.S.C. § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to believe that Defendant was acting as an attorney in its collection attempts.

66. Defendant violated 15 U.S.C. § 1692e and § 1692e(3) of the FDCPA by falsely representing to Plaintiff and others similarly situated that they would be subject to potential legal action to be filed by Defendant.

67. Defendant violated 15 U.S.C. § 1692e and § 1692e(3) of the FDCPA by implying to Plaintiff and others similarly situated that they would be subject to potential legal action to be filed by Defendant.

68. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken.

69. Defendant violated 15 U.S.C. §1692e(5) by falsely threatening that a lawsuit could be instituted by Defendant.

70. Defendant violated 15 U.S.C. §1692e(5) by falsely implying that a lawsuit could be instituted by Defendant.

71. Defendant violated 15 U.S.C. §1692e(5) by falsely implying that the Defendant was retained to file a lawsuit against Plaintiff and others similarly situated.

72. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73. Defendant violated 15 U.S.C. §1692e(10) by falsely representing and/or implying that an attorney was meaningfully involved in the collection process.

74. Defendant violated 15 U.S.C. §1692e(10) by falsely representing and/or implying that Plaintiff and others similarly situated would be subject to potential legal action to be filed by Defendant.

75. Defendant violated 15 U.S.C. §1692e(10) by falsely representing and/or implying that the Defendant may be retained to file a lawsuit against Plaintiff and others similarly situated.

76. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

77. Defendants violated 15 U.S.C. § 1692f of the FDCPA in connection with their communications to Plaintiffs and others similarly situated.

78. Defendants violated 15 U.S.C. § 1692f by:

   a. using unfair and unconscionable collection practices in connection with the collection of a debt;

   b. using language and/or symbols on or which appeared through envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8).

79. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

80. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

82. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

83. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

84. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

Dated: November 15, 2018

Robert P. Cocco, Esq.
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 261-6055 facsimile

# EXHIBIT A

**Law Offices of Robert A. Schuerger Co., LPA**
81 S. Fifth Street, Suite 400
Columbus, OH 43215-4323
Telephone (614) 732-0721/Toll Free (855) 875-6314
Facsimile (614) 824-1120
Office Hours 8AM to 5PM EST Monday through Friday

October 22, 2018

█656
DARRELL A PRESLEY
1400 S RINGGOLD ST
PHILADELPHIA , PA 19146-4006

Ref. No. 771656
Balance: $3500.00
Amount Enclosed:______________

*Detach upper portion and return with payment*

Re: ARCADIA UNIVERSITY
Ref. No. 771656
Balance: $3500.00

Dear DARRELL A PRESLEY,

Your account with ARCADIA UNIVERSITY has been forwarded to my office for collection. The amount currently owed is $3500.00. To make a payment online, please visit our secure payment site at www.schuergerlaw.com. To mail your payment, please send a Cashier's Check or Money Order made payable to the Law Offices of Robert A. Schuerger Co., LPA at the address above.

For further information write the undersigned or call Deborah Minic at 614-715-8413.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Sincerely,

Robert A. Schuerger, II
Attorney at Law

L120160615